■ Evelyn S. Faulk, Plaintiff, v. John H. Faulk, Respondent. Alfredo Castaneda, Appellant.— Order, entered August 17, 1964, denying appellant's motion to vacate a notice to take his deposition as a witness and to quash a subpœna unanimously reversed, on the law and the facts and in the exercise of discretion and the motion granted, without costs. In the action by a wife for separation, the husband pleaded the alleged adultery of plaintiff as a defense and counterclaimed for a separation on the ground of adultery and cruelty. Defendant served a notice to take the deposition of the appellant, named as the corespondent, as a witness. We have held that in matrimonial actions examinations before trial will not be permitted except upon a showing of special circumstances. (*Mook* v. *Mook,* 13 A D 2d 465; see, also, *Nomako* v. *Ashton,* 20 A D 2d 331.) In the instant case there was no such showing of special circumstances as to warrant a deviation from the general rule. Appellant resides in New York City and is employed here. The case presents the usual situation involved in a charge of adultery where the corespondent is named. The policy underlying restriction of examinations before trial in matrimonial actions is particularly applicable in a case such as this where the examination can be misused for purposes of harrassment and embarrassment. (See *Simons* v. *Simons,* 182 Misc. 860.) Under the circumstances, it was an improvident exercise of discretion to deny the motion to vacate the notice of examination and subpœna. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ The People of the State of New York ex rel. John S. Potts, Jr. v. Henry J. Noble, as Warden.— Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court filed herein. That part of the motion which seeks poor person relief on an appeal from a judgment of conviction rendered by Supreme Court, Kings County, and for a certificate of reasonable doubt as to the judgment of conviction, is denied for lack of jurisdiction. Concur — Breitel, J. P., Valente, Stevens, Eager and Bastow, JJ.

## (October 26, 1964)

■ In the Matter of Andrew Alberti, Petitioner, v. Thomas Dickens, as Justice of the Supreme Court of the County of New York, et al., Respondents. — Motion unanimously granted on condition that petitioner appears and testifies before the Grand Jury, New York County, on November 4, 1964. Warden of Civil Prison of City of New York ordered to release petitioner from custody forthwith. Concur — Rabin, J. P., Valente, Eager and Steuer, JJ.